UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br>**Zachary W. Kazan**<br>**& Diana S. Kazan**<br><br>                              Debtors | Chapter 13<br><br>Case No. 08-21487 |

## ORDER ALLOWING AND DISALLOWING CLAIMS
## AND MODIFYING PLAN

This matter came before the Court on the motion filed by the Debtor or Debtors (hereafter, the "Debtor").  After notice and hearing or opportunity for hearing, and for good cause shown, it is hereby ORDERED:

**I.  ALLOWANCE OF CLAIMS.**   The following claims are allowed pursuant to 11 U.S.C. § 502 as follows.

   **A.  Administrative Expenses and  Claims.**  The trustee's fees as provided by 28 U.S.C. § 586 shall be paid concurrently with distribution on other claims.  Other administrative claims are allowed as follows, and the confirmed plan is modified *pro tanto* to provide for such claims and expenses.

   1.  Total Debtor's attorney fees & expenses allowed to date:        $1000.00

   2.  Administrative reserve:                                                          $2341.35

   3.  Other:                                                                                    $0.00

   **B.  Secured Claims Paid Directly By Debtor.**  The Debtor shall pay the following secured claims directly pursuant to the existing contract(s) between the Debtor and the creditor(s).  The lien securing each claim shall not be impaired, and the underlying claim shall be excepted from any discharge issued pursuant to 11 U.S.C. § 1328 in this case.  If any portions of such claims have been or shall be paid by the trustee (e.g., to cure prepetition arrears), then they are allowed additionally elsewhere in this order.

| Claim # | Creditor | Collateral | Details |
|---|---|---|---|
| 1 | HSBC Mortgage | Residence | Debtor to pay creditor directly pursuant to the terms of the loan agreement as the same may change from time to time; pre-petition arrearage shall be paid in accordance with ¶1(c) hereof. |
| 6 | Aegis | Residence | Upon completion of Debtors' plan and entry of discharge, creditor's second priority mortgage interest shall be null and void and creditor's claim shall be treated as general unsecured in accordance with ¶1(f) hereof. |

**C.  Secured Claims Paid By Trustee From Debtor's Funds.**  The following secured claims are hereby allowed and have been or shall be paid through the trustee from funds paid by the Debtor. Treatment of the claims is set forth in the confirmed plan, which is hereby modified *pro tanto* to provide for payment by the trustee as set forth below for each secured creditor.

| Claim # | Creditor | Collateral | Allowed Claim or Arrears | Interest (Dollar Amount) | Payment Schedule |
|---|---|---|---|---|---|
| 1 | HSBC Mortgage Services | Residence | $3305.80 | N/A | $2000.00 on or before month 9; $70.28/mo Mos. 10-27; $40.76 Mo. 28 |
| 3 | TD Bank N.A. | 05 GMC Yukon | $25614.87 | $4400.97 (8%) | $3756.55 on or before Mo. 9; $558.71/mo Mos. 10-55; $558.63 Mo. 56 |
| 15 | Capital Auto Finance | 06 F-150 | $29080.80 | $4996.80 (8%) | $2327.14 on or before Mo. 9; $675.54/mo Mos. 10-55; $675.62 Mo. 56 |
| 18 | Town of Durham | 08 Property Tax secured by Residence | $2368.66 | | Pro rata |

**D.  Cure of Executory Contracts and Leases.**  Monetary defaults on the following executory contracts and leases will be cured as follows by payments through the trustee from funds paid by the Debtor.  The confirmed plan is modified *pro tanto* to provide for payment by the trustee from funds paid by the Debtor as set forth below to cure each executory contract and/or lease.

| Claim # | Creditor / Lessor | Property Leased | Allowed Arrears |
|---|---|---|---|
| | | | |
| | | | |

**E.  Priority Claims.**  The following priority unsecured claims shall be paid as follows through the trustee from funds paid by the Debtor.  Treatment of claims is set forth in the confirmed plan, which is hereby modified *pro tanto* to provide for payment by the trustee as set forth below for each priority creditor.

| Claim # | Creditor | Description of Claim | Allowed Claim |
|---|---|---|---|
| 17 | MRS | Post-petition taxes | $584.23 |
| | | | |

**F.  General Unsecured Claims.**  The following unsecured claims not entitled to priority shall be paid as follows through the trustee from funds paid by the Debtor.  Treatment of claims, including provisions for small claims and other classes of general unsecured claims is set forth in the confirmed plan, which is hereby modified *pro tanto* to pay no less than the amount set forth below for each unsecured creditor.

A dividend of no less than **.07665%** shall be paid to Class One general unsecured creditors.  The dividend shall be increased by the unused portion of the administrative reserve, if any, or as the result of the disallowance of any claims, except as may be otherwise ordered by the Court.

| Claim # | Creditor | Allowed Amount | Minimum Dividend |
|---|---|---|---|
| 2 | Maine Federal Credit Union | $4100.77 | $50.00 (small claim) |
| 4 | Premier Bankcard/Charter | $397.70 | $50.00 (small claim) |
| 5 | Premier Bankcard/Charter | $532.77 | $50.00 (small claim) |
| 6 | Aegis Funding | $64056.59 | $491.02 |
| 7 | AAFES | $6477.08 | $50.00 (small claim) |
| 8 | Roundup Funding, LLC | $1723.76 | $50.00 (small claim) |
| 9 | Roundup Funding, LLC | $4138.89 | $50.00 (small claim) |
| 10 | Sovereign Bank New England | $33038.45 | $253.25 |
| 11 | PRA Receivables | $4534.22 | $50.00(small claim) |
| 12 | PRA Receivables | $9995.09 | $76.62 |
| 13 | eCast | $328.60 | $50.00 (small claim) |
| 14 | PRA Receivables | $3582.42 | $50.00 (small claim) |
| 16 | Roundup Funding, LLC | $16987.92 | $130.22 |

**II.   RESOLUTION OF OBJECTIONS TO CLAIMS.**   The Debtor's objections to claims, if any, are resolved as follows:

| Claim # | Creditor | Disposition |
|---|---|---|
| 6 | Aegis | Upon completion of Debtors' plan and entry of discharge, creditor's second priority mortgage interest shall be null and void and creditor's claim shall be treated as general unsecured in accordance with ¶1(f) hereof. |
| | | |

**III.   MODIFICATION OF CONFIRMED PLAN.**   The Debtor's plan is hereby modified pursuant to 11 U.S.C. § 1329 and the order confirming the plan is hereby amended as follows:

A.   As of **September 2009**, the Debtors have paid **$10500.93** to the trustee.  Commencing in **October 2009**, the Debtor shall pay the sum of **$1458.75** per month for **50 months** remaining in a plan that will run a total of **59** months.

B.   The Debtor shall also pay the following sum(s) to the trustee: **N/A**

C.   The total to be paid to the trustee pursuant to the modified plan is **$83438.43**.  In addition, the Debtor shall pay to the trustee as additional plan contributions all tax refunds in excess of $1,200.00 per year per Debtor.

## IV.  SUMMARY.

| A.  Total to be paid to trustee | $83438.43 |
|---|---|
| B.  Distributions under modified plan | |
| 1. Trustee fees (10% of total) | $8343.84 |
| 2. Attorney fees & expenses allowed through plan to date | $1000.00 |
| 3. Administrative reserve | $2341.35 |
| 4. Total secured claims | $60370.13 |
| 5. Total interest | $9397.77 |
| 6. Total priority claims | $584.23 |
| 7. Total Class One unsecured dividend | $951.11 |
| 8. Total Class Two unsecured dividend | $0.00 |
| 9. Total Class Three unsecured dividend | $0.00 |
| 10. Total Class Four unsecured dividend (Small Claims) | $450.00 |
| Total Distributions: | $83438.43 |

## V.  OTHER.

Date:  November 23, 2009

/s/ James B. Haines, Jr.

Judge, United States Bankruptcy Court
District of Maine